# C. H. PETERSON v. VILLAGE OF TAYLORS FALLS.[1]

November 18, 1910.

Nos. 16,752—(160).

**Local option — election ballots.**

At a village election, where the electors voted upon the question of granting a license for the sale of intoxicating liquors, it is *held* that ballots marked with a cross as here indicated:

"For Liquor License, Yes.

"Against Liquor License, No.

were properly counted against license.

Appeal to the district court for Chisago county by C. H. Peterson from the declared result on the question of license at an election held on March 8, 1910, in the village of Taylors Falls. The matter was heard before Stolberg, J., who dismissed the contest. From the judgment entered pursuant to the order of dismissal, contestant appealed. Affirmed.

*O. H. O'Neill,* for appellant.

*Norton & Norton,* for respondents.

LEWIS, J.

The village of Taylors Falls, at the election held March 8, 1910, voted upon the question of granting a license for the sale of intoxicating liquors. One hundred and eighteen voters participated at the election, one hundred seventeen of whom voted on the question of license. The election board declared the result of the election to be that the license did not carry. The contestant appealed to the district court, and the district court found that there were cast sixty votes against license and fifty-seven in favor of it. The ninth finding of fact is as follows:

"That at said election there were 7 ballots cast, which 7 ballots

[1]Reported in 128 N. W. 470.

were in the following words and characters (omitting names and offices thereon) :

"For Liquor License, Yes.    ☐
"Against Liquor License, No.  ☒"

If the seven votes which had a cross, or X, opposite "Against Liquor License, No," were properly counted, then a majority of all of the votes cast at the election were against license, and the trial court properly decided the case. It appears from the exhibit that there were two printed forms of ballots used, each including the names of the village officers to be voted for. On all of the ballots, except the seven referred to in the ninth finding, the words at the bottom of the ticket were:

"In Favor of License  ☐
"Against License       ☒"

Whereas on the seven ballots in question the word "Yes" was printed at the end of the first line, and the word "No" at the end of the second line. Both kinds of ballots, therefore, adopted the Australian method of voting. The voters were at liberty to adopt any kind of a ballot and to vote in any manner which would express their intention. The official ballot law had no application to that election, but there could be no objection to the voters adopting that system. In all of the other ballots used, except the seven here involved, the voters voted by placing a cross mark in either the upper or lower square.

The contestant insists that the placing of the cross mark in the lower square, opposite the word "No," had the effect of expressing a double negative, so that the vote stood as if written "Against Liquor License." We consider this position entirely untenable.

The voter had a ballot before him which clearly showed that the upper line was intended for use if he desired to vote in favor of issuing a license, and the lower line was for use in case he wished to vote against the issuing of a license. The words "Yes" in the upper line, and "No" in the lower, were superfluous. The voters

undoubtedly had a purpose in placing the mark where they did. If they had intended to vote for license, they would have placed the mark opposite the first line; and, if in marking as they did, their intention had been to express a double negative, as appellant insists, the same object could have been attained more clearly by simply marking out the word "No." It is evident that the word "No," as printed, although unnecessary, was intended to intensify the idea that the lower line was for the purpose of voting against the issuing of a liquor license.

These votes were properly counted as against license, and the judgment of the trial court is affirmed.